IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-74,770-01




EX PARTE LARRY SHAWN MYERS, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 23413 IN THE 6TH JUDICIAL DISTRICT COURT
FROM LAMAR COUNTY




           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with
a child and sentenced to fifteen years’ imprisonment. The Sixth Court of Appeals dismissed his
appeal. Myers v. State, No. 06-10-00079-CR (Tex. App.–Texarkana 2010, no pet.).
            Applicant contends that he was not competent and did not understand the plea proceedings.
He also contends that he told counsel he did not commit this offense and that counsel told him that
if he did not plead guilty he would be sentenced to imprisonment for thirty years to life. The State
filed an answer, and counsel and an appointed investigator filed affidavits in response to Applicant’s
claims. The trial court, however, made no findings of fact and conclusions of law. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts may be needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294,
294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial
court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact and conclusions of law as to whether the
performance of counsel was deficient and, if so, whether his deficient performance prejudiced
Applicant. The trial court shall also make findings and conclusions as to whether Applicant was
competent to plead guilty. The trial court shall also make any other findings of fact and conclusions
of law that it deems relevant and appropriate to the disposition of Applicant’s claims for habeas
corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: November 3, 2010
Do not publish